AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 1:23-MJ-9173 |
| Jerry Baker ) | |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ☑ Participation in criminal activity while on probation, parole, or supervision
- ☑ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

    Mr. Baker presented some evidence to rebut the presumption that he is a risk of flight. This is not a heavy burden. United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010).  Mr. Baker, however, failed to rebut the presumption that he is a danger to the community or others. And even if Mr. Baker had rebutted the presumption on this ground, the Government met its burden of persuasion by demonstrating by clear and convincing evidence that Mr. Baker's releases poses a danger to the community.
    1) 18 U.S.C. 3142(g)(1): Mr. Baker is charged with conspiracy to distribute and possession with intent to distribute controlled substances, possession with intent to distribute controlled substances, conspiracy to launder money, and felon in possession of a firearm. While the instant charges primarily concern marijuana, fentanyl was also recovered at his place of business.  Numerous courts within the Sixth Circuit have recognized that fentanyl is an exceptionally dangerous drug. See, e.g., United States v. Holden, 2017 WL 1362684, at *2 (E.D. Ky. April 12, 2017) ("The danger associated with trafficking in heroin [and] fentanyl leading to near fatal overdoses cannot be overstated.")  Moreover, multiple firearms were discovered at Mr. Baker's residence and business.  This factor therefore weighs in favor of detention.
    2) 18 U.S.C. 3142(g)(2): The Pretrial Services Report ("Report") outlines Mr. Baker's criminal history dating back to 2006, when he was 16 years old.  The Report sets forth Mr. Baker's convictions or charges for violent crimes including aggravated robbery, having weapons under disability, and aggravated murder. Many of these offenses occurred while on parole or supervised release. During a traffic stop in Alabama in February 2022, law enforcement officers discovered that Mr. Baker was transporting 35 pounds of marijuana. And law enforcement recovered numerous firearms at his place of business and his residence, though he is currently on electronic monitoring.  Because the weight of the evidence of dangerousness is strong here, this weighs in favor of detention.
    3) 18 U.S.C. 3142(g)(3): A review of the history and characteristics of Mr. Baker also weighs in favor of detention due to danger to the community and others based on the nature of the offense, his prior arrests arrests and convictions, his lack of compliance with pretrial, probation, parole, or supervised release, his history of weapons use, and his pattern of similar criminal history.  This factor therefore weighs in favor of detention.
     4) 18 U.S.C. 3142(g)(4): For the reasons set forth above, this factor therefore weighs in favor of detention.
    The Court also concurs with the recommendation of Pretrial Services that there is no condition or combination of conditions that would ensure the safety of the community if Mr. Baker was released.  As the Second Circuit has recognized, "home detention and electronic monitoring at best replicate a detention facility without the confidence of security such a facility instills." United States v. Hanson, 2022 WL 1813585, at *6 (N.D. Ohio May 3, 2022); see also United States v. Smoot, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 20, 2020) (rejecting defendant's request for home confinement because "Defendant's extensive criminal history establishes that he has been unable or unwilling to remain law-abiding for most of his adult life; hence, the Court has no reason to believe that he would suddenly become compliant now.")

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  09/05/2023                                                   s/Jennifer Dowdell Armstrong
                                                                                    United States Magistrate Judge